UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ANGIE HICKMAN-SMITH o/b/o TAHIR
WATKINS,

                Plaintiff,

                -against-

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER
07 Civ. 3985 (GBD) (RLE)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Angie Hickman-Smith seeks, pursuant to 42 U.S.C. § 405(g), review of the Commissioner of Social Security's final decision denying her son Tahir Watkins Supplemental Security Income benefits. Specifically, Hickman-Smith appeals the decision of the Social Security Administration's Administrative Law Judge ("ALJ") who determined that Tahir did not have a marked impairment or combination of impairments, and thus was not disabled under the Social Security Act. Both parties move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

    This Court referred the matter to Magistrate Judge Ronald Ellis for his Report and Recommendation ("Report"). Magistrate Judge Ellis recommended that this Court deny Defendant's motion, grant Plaintiff's motion, and remand the action back to the Social Security Administration.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections

to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. This Court adopts the Report in its entirety.

Magistrate Judge Ellis' determination is not facially erroneous. He found that this Court could not evaluate whether the ALJ's determination was supported by substantial evidence because the ALJ failed to make formal credibility findings. It is clear that the ALJ rejected Hickman-Smith's testimony, but he did not indicate why he found her not to be credible. This finding is not set forth with sufficient specificity to "permit intelligible plenary review of the record." See Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 260 (2d Cir. 1988).

Because it cannot be determined at this time that the Social Security Administration's determination was supported by substantial evidence, remand is appropriate. See id.[1]

## Conclusion

This Court adopts the Report and Recommendation. Defendant's motion for judgment on the pleadings is DENIED. Plaintiff's motion for judgment on the pleadings is GRANTED. This action is REMANDED to the Social Security Administration.

Dated: March 31, 2011
      New York, New York

SO ORDERED:

*[signature]*

GEORGE B. DANIELS
United States District Judge

---

[1] Magistrate Judge Ellis also properly declined to award Hickman-Smith attorney's fees as she is not yet a prevailing party. See 28 U.S.C. § 2412(d)(1)(A).